Citation Nr: 1719109 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 12-25 823 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to an evaluation in excess of 10 percent prior to April 30, 2015 for left foot plantar fasciitis.

2. Entitlement to an evaluation in excess of 10 percent prior to April 30, 2015 for right foot plantar fasciitis.

3. Entitlement to an evaluation in excess of 50 percent from April 30, 2015 for bilateral plantar fasciitis (previously rated as plantar fasciitis, right foot and left foot).

4. Entitlement to a compensable evaluation for bilateral tinea pedis.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

C.A. Skow, Counsel


INTRODUCTION

The Veteran served on active duty from February 1978 to August 1978.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

In January 2015, the Board remanded the appeal for additional development.

The Board must stay action on the appeal of entitlement to a compensable evaluation for bilateral tinea pedis. In Johnson v. McDonald, 27 Vet. App. 497 (2016), the United States Court of Appeals for Veterans Claims (Court) reversed and remanded an April 2014 Board decision that denied an increased rating for a skin condition under 38 C.F.R. § 4.118, Diagnostic Code 7806. VA disagrees with the Court's decision and appealed it to the United States Court of Appeals for the Federal Circuit. Pursuant to that appeal, and to avoid burdens on the adjudication system, delays in the adjudication of other claims, and unnecessary expenditure of resources through remand or final adjudication of claims based on court precedent that may be ultimately overturned on appeal, VA filed a motion with the Court to stay the precedential effect of its decision in Johnson. On October 6, 2016, the Court granted, in part, VA's motion to stay. Johnson v. McDonald, No. 14-2778 WL 5846040 (Vet. App. Oct. 6, 2016). In this case, the record clearly shows that the Veteran used topical corticosteroid cream during the appeal period and, thus, this appeal is affected by the resolution of VA's appeal in Johnson. Accordingly, the Board will stay action on this matter until a final decision is reached on appeal in Johnson, at which time the adjudication of the Veteran's skin claim will be resumed.

FINDINGS OF FACT

1. Prior to April 30, 2015, the Veteran had symptoms that more nearly reflect pronounced symptoms of plantar fasciitis of the right and left foot, with related findings for painful fibromas and calcaneal spurs, that required use of a "Cam boot" alternating from right to left foot every 6 weeks.

2. From April 30, 2015, the Veteran's bilateral foot disability has been evaluated at the maximum schedular level; a higher evaluation is not available under any other potentially available schedular criteria.


CONCLUSIONS OF LAW

1. The criteria for a 50 percent evaluation prior to April 30, 2015 for bilateral plantar fasciitis with fibromas and calcaneal spurs are met. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 4.3, 4.71a, Diagnostic Code 5299-5284 (2016).

2. As a matter of law, a disability evaluation in excess of 50 percent from April 30, 2015 for bilateral plantar fasciitis with fibromas and calcaneal spurs is not warranted. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 4.3, 4.71a, Diagnostic Code 5299-5276 (2016); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duties to Notify and Assist

VA's duties to notify and assist claimants in substantiating a claim for VA benefits are found at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 and 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). 

VA's duty to notify was satisfied by a letter dated in February 2012. See 38 U.S.C.A. §§ 5102, 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2016); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

VA also met its duty assist the Veteran. VA obtained all relevant records identified by the Veteran. These records have been associated with the claims file. VA further afforded the Veteran appropriate VA medical examinations, and the most recent VA examination is adequate for rating purposes. The Board finds that the most recent VA examination report described the disability in sufficient detail so that the Board's "evaluation of the claimed disability will be a fully informed one." Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (quoting Green v. Derwinski, 1 Vet. App. 121, 124 (1991). See also, Nieves- Rodriguez v. Peake, 22 Vet. App. 295 (2008); D'Aries v. Peake, 22 Vet. App. 97, 104 (2008).

It is noted that the Veteran's appeal was remanded by the Board for additional development. The requested actions were completed, which included a new VA examination. Thus, the Board finds substantial compliance with the requirements articulated in the Board's prior remand decision. See Dyment v. West, 13 Vet. App. 141, 146-47 (1999).

The Veteran has not identified any relevant outstanding evidence and the Board is also unaware of any such evidence. Accordingly, the Board will address the merits of the claim.

II. Evaluations

A December 2010 rating decision granted service connection for bilateral plantar fasciitis, 10 percent for each foot (Diagnostic Code 5276). See Rating Decision (December 2010). In December 2011, VA received a claim for increase for "bilateral foot condition." See VA Form 21-526b (December 2011). He reported problems with his feet and legs if walks too long and noted that he had inserts for his footwear. See VA Form 21-4138 (February 2012).


A. Legal Criteria

Disability evaluations are determined by the application of the VA Schedule for Rating Disabilities (Rating Schedule). 38 C.F.R. Part 4. The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and their residual conditions in civil occupations. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1. Any reasonable doubt regarding the degree of disability will be resolved in favor of the claimant. 38 C.F.R. § 4.3. If two evaluations are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that evaluation; otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

In general, all disabilities, including those arising from a single disease entity, are rated separately, and all disability ratings are then combined in accordance with 38 C.F.R. § 4.25. However, the evaluation of the same "disability" or the same "manifestations" under various diagnoses is prohibited. 38 C.F.R. § 4.14. A disability may require re-evaluation in accordance with changes in a veteran's condition. It is thus essential, in determining the level of current impairment, that the disability be considered in the context of the entire recorded history. 38 C.F.R. § 4.1.

Hyphenated Diagnostic Codes are used when a rating under one Diagnostic Code requires use of an additional Diagnostic Code to identify the basis for the evaluation assigned; the additional code is shown after the hyphen. 38 C.F.R. § 4.27. 

When evaluating a disability of the musculoskeletal system, consideration must be given to the provisions of 38 C.F.R. § 4.40 and 38 C.F.R. § 4.45. DeLuca v. Brown, 8 Vet. App. 202 (1995). Here, the Veteran's plantar fasciitis of the feet is evaluated by analogy to pes planus under Diagnostic Code 5276. Mild symptoms are rated as noncompensably disabling. Moderate pes planus (flat foot) with weight-bearing line over or medial to the great toe, inward bowing of the tendo-Achillis, pain on manipulation and use of the feet, bilateral or unilateral, is rated 10 percent disabling. For severe pes planus manifested by objective evidence of marked deformity (pronation, abduction, etc.), pain on manipulation and use accentuated, indication of swelling on use, and characteristic callosities, a 30 percent evaluation is warranted, bilateral. For pronounced bilateral pes planus manifested by marked pronation, extreme tenderness of plantar surface of the feet, marked inward displacement and severe spasm of the tendo-Achillis on manipulation, not improved by orthopedic shoes or appliances, a 50 percent rating is warranted. 38 C.F.R. § 4.71a, Diagnostic Code 5276.

Analysis

Having carefully reviewed the evidence, and affording the Veteran the benefit of all doubt, the Board finds that the evidence supports the assignment of a 50 percent evaluation prior to April 30, 2015 for bilateral plantar fasciitis. However, as a matter of law, the Board finds that an evaluation in excess of 50 percent from April 30, 2015 for bilateral plantar fasciitis is not warranted.

Report of VA examination dated in March 2012 reflects a diagnosis for plantar fasciitis with fibromatosis of the feet. The examiner noted that the Veteran had peripheral neuropathy of the legs related to nonservice-connected diabetes. The Veteran complained of bilateral foot pain with weight bearing, and the ability to walk only 2-3 blocks before needing to rest due to his lower extremity problems. He further complained of constant swelling along with needling, burning, and shooting pains of both feet and lower leg distally since late 2009 due to peripheral neuropathy. Treatment was described as use of a "Cam boot alternating to each foot" and "intralesional steroid injections with no improvement" per the Veteran. Objectively, there was no Morton's neuroma or metatarsalgia; no hammer toe; hallux valgus; no hallux rigidus; no pes cavus (claw foot); no malunion or nonunion of tarsal or metatarsal bones; and no foot injuries. There was bilateral weak foot that the examiner described as related to diabetic peripheral neuropathy and pain caused by plantar fasciitis. Other pertinent findings were described as "tender swelling (all over the foot, both feet)" below the ankles; dyestheisa; and bilateral pes planus. The Veteran constantly used a "Cam boot" on one foot then the other, alternating every 6 weeks.

The Board finds that the March 2012 VA examination report has little probative value as it does not clearly address the schedular evaluation criteria. However, the fact that the examiner notes the use of a "Cam boot" alternating for ongoing extended periods of time suggests that the condition is pronounced, which was confirmed by VA treatment records and report of VA examination dated in April 2015.

VA treatment records dated in June 2012 reflect that the Veteran's use of a "Cam boot" (i.e. immobilization cast) has not improved his symptoms and that his fibroma nodules were painful to touch. The April 2015 VA examination report shows that the Veteran experienced increased growth of painful fibromas in the bottoms of the feet and that he could not undergo surgery because of poor control of diabetes. It was further noted that the Veteran takes Vicodin for pain, wears custom cushioned orthotics all the time, which improves the pain to 7 out of 10 rather than the usual pain level of 9 out of 10 (10 representing the most severe degree of pain). The examiner noted that the Veteran's fibroma impair his walking. Objectively, there was pain on use of the feet, pain on manipulation to include pain accentuated on manipulation, and characteristic callouses. There was decreased longitudinal arch height of both feet on weight-bearing. There was marked pronation of the left foot unimproved with an orthopedic shoe/appliance. The weight-bearing line fell over the medial-line of the great toe for both feet. The examiner commented that the Veteran walks more pronated with left foot due to the fibroma/nodule in the middle of his foot and that this is evidenced by the very prominent/thick callous on the medial aspect of the big toe on left foot. The examiner also noted that the Veteran had pes planus, but he could not distinguish the pes planus findings from those specific to service-connected plantar fasciitis with painful fibromas. In regards to functional loss, the examiner noted the following factors were present bilaterally: Pain on weight-bearing; pain on nonweight-bearing; deformity (pronation and asymmetric callouses); disturbance of locomotion; interference with standing; lack of endurance; pain; weakness; fatigability; and incoordination. Additionally, the examiner explained that plantar fasciitis caused the Veteran's heel spurs-this developed due to constant irritation of the connective tissue of the arch of the foot where it attaches to the calcaneus/heel.

In view of the above, the Board finds that a uniform 50 percent evaluation is warranted prior to April 30, 2015. In this regard, prior to April 30, 2015, the symptoms and findings more nearly reflect pronounced symptoms of plantar fasciitis of the right and left foot, with related findings for painful fibromas and calcaneal spurs, that required use of a "Cam boot" alternating from right to left foot every 6 weeks. However, an evaluation in excess of 50 percent is not warranted prior to or from April 30, 2015 for bilateral plantar fasciitis with fibromas and heel spur because a 50 percent evaluation is the maximum schedular evaluation provided under the Rating Schedule. Because a higher schedular evaluation is not available, the claim is denied as a matter of law. Sabonis v. Brown, 6 Vet. App. 426, 430 (1994) (where law is dispositive, not evidence, the appeal should be terminated for lack of legal merit or entitlement).

The Board further finds that a higher or separate disability evaluation is not available under any other potentially applicable provision of the rating schedule. 38 C.F.R. § 4.71a, Diagnostic Codes 5276-78, 5280-84. Although bilateral weak foot that was noted on the March 2012 VA examination, neither this exam nor the April 2015 VA examination indicate atrophy of the musculature or disturbed circulation related to plantar fasciitis. To the extent there are neurological deficits, this has been related to nonservice-connected diabetes. Also, although heel spurs have been related to the Veteran's service-connected disorder, the foot symptoms are fully contemplated by the assignment of the 50 percent schedular evaluation as plantar fasciitis is evaluated by analogy only and there is no indication of symptoms that are left uncompensated. Lastly; there is no evidence of loss of use of a foot such that the Veteran would be better served by amputation and prosthesis. 38 C.F.R. §§ 4.63, 4.71a.

The Board accepts that the Veteran is competent to report on his observable symptomatology. However, whether a disability meets the schedular criteria for the assignment of a higher evaluation is a factual determination by the Board based on the Veteran's complaints coupled with the medical evidence. Both the lay and medical evidence are probative in this case. Although the Veteran may believe that his disability warrants a higher evaluation, there is no higher schedular evaluation available to him under the Rating Schedule other than assigned here, as explained and discussed above.

Accordingly, affording the Veteran the benefit of all doubt, a uniform 50 percent evaluation is granted. See Hart v. Mansfield, 21 Vet. App. 505 (2007); 38 C.F.R. § 4.3; Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To the extent that the Veteran seeks an evaluation in excess of 50 percent, this is denied a matter of law. See Sabonis, supra.


ORDER

A 50 percent evaluation prior to April 30, 2015 for bilateral plantar fasciitis with fibromas and calcaneal spurs is granted subject to the laws and regulations governing monetary awards.

An evaluation in excess of 50 percent from April 30, 2015 for bilateral plantar fasciitis with fibromas and calcaneal spurs is denied.




____________________________________________
G.A. WASIK
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs